1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com
9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone:  (213) 430-3400
12 Facsimile:  (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendants
14 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
15
                UNITED STATES DISTRICT COURT
16
             NORTHERN DISTRICT OF CALIFORNIA
17
                 SAN FRANCISCO DIVISION
18

19 IN RE BEXTRA AND CELEBREX          )   MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
20 PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:07-cv-05059-CRB
                                      )
21 This document relates to           )
                                      )   **PFIZER INC., PHARMACIA**
22 PHYLLIS BREWER,                    )   **CORPORATION, AND G.D.**
                                      )   **SEARLE LLC'S ANSWER TO**
                  Plaintiff,          )   **COMPLAINT**
23                                    )
                                      )
24          vs.                       )   **JURY DEMAND ENDORSED**
                                      )   **HEREIN**
25 PFIZER, INC., PHARMACIA CORPORATION,)
   and G.D. SEARLE LLC, (FKA G.D. SEARLE &)
26 CO.),                              )
                                      )
27              Defendants.           )
                                      )
28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

-1-

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle"), (collectively "Defendants") and file this Answer to Plaintiff's Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5    **I.**

6    **<u>ANSWER</u>**

7    Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

8    Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny

9    that Plaintiff is entitled to any relief or damages.  Defendants admit that, during certain periods

10   of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

11   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

12   with their approval by the FDA.  Defendants admit that, during certain periods of time,

13   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

14   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

15   providers who are by law authorized to prescribe drugs in accordance with their approval by the

16   FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants state that the potential effects of

18   Celebrex® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

21   and deny the remaining allegations in this paragraph of the Complaint.

22   **<u>Response to Allegations Regarding Parties</u>**

23   1.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

25   citizenship and, therefore, deny the same.  Defendants deny the remaining allegations in this

26   paragraph of the Complaint.

27   2.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

28   business in New York.  Defendants admit that, as the result of a merger in April 2003,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States, including Texas, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.    Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Celebrex® in the United States, including Hawaii and California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed

1    Celebrex® in the United States to be prescribed by healthcare providers who are by law

2    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

3    that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

4    and Pharmacia became subsidiaries of Pfizer.  Defendants deny the remaining allegations in this

5    paragraph of the Complaint.

6    6.        Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

7    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

8    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

9    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

10   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

11   Celebrex® in the United States to be prescribed by healthcare providers who are by law

12   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

13   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

14   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

15   adequately described in its FDA-approved prescribing information, which was at all times

16   adequate and comported with applicable standards of care and law.  Defendants deny any

17   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

18   7.        Defendants state that the allegations in this paragraph of the Complaint regarding

19   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

20   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

21   the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22   **<u>Response to Allegations Regarding Jurisdiction and Venue</u>**

23   8.        Defendants are without knowledge or information to form a belief as to the truth of the

24   allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount

25   in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims

26   that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

27   interests and costs.

28   9.        Defendants are without knowledge or information to form a belief as to the truth of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny committing a tort in the States of Wyoming or California and deny the remaining allegations in this paragraph of the Complaint.

10. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States, including Hawaii and California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the States of Wyoming and California. Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny committing a tort in the States of Hawaii, Wyoming, or California and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

11. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   paragraph of the Complaint.

2   13.     Defendants are without knowledge or information sufficient to form a belief as to the

3   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

4   condition or whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state

5   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

6   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

7   adequately described in its FDA-approved prescribing information, which was at all times

8   adequate and comported with applicable standards of care and law.  Defendants deny that

9   Celebrex® caused Plaintiff injury or damage and deny the remaining allegations in this

10  paragraph of the Complaint.

11  14.     Defendants are without knowledge or information sufficient to form a belief as to the

12  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14  effective when used in accordance with its FDA-approved prescribing information.  Defendants

15  state that the potential effects of Celebrex® were and are adequately described in its FDA-

16  approved prescribing information, which was at all times adequate and comported with

17  applicable standards of care and law.  Defendants deny the remaining allegations in this

18  paragraph of the Complaint.

19  15.     Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22  effective when used in accordance with its FDA-approved prescribing information.  Defendants

23  state that the potential effects of Celebrex® were and are adequately described in its FDA-

24  approved prescribing information, which was at all times adequate and comported with

25  applicable standards of care and law.  Defendants state that, in the ordinary case, Celebrex®

26  was expected to reach users and consumers without substantial change from the time of sale.

27  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage

28  and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17.     Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.     Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiff fails to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

22.     Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

23.     Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.  Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny

2  the remaining allegations in this paragraph of the Complaint.

3  24.    Defendants admit that Celebrex® was launched in February 1999. Defendants admit

4  that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

5  Celebrex® in the United States to be prescribed by healthcare providers who are by law

6  authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

7  that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

8  which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

9  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

10  accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe

11  and effective when used in accordance with its FDA-approved prescribing information.

12  Defendants state that the potential effects of Celebrex® were and are adequately described in its

13  FDA-approved prescribing information, which was at all times adequate and comported with

14  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

15  remaining allegations in this paragraph of the Complaint.

16  25.    Defendants state that the referenced article speaks for itself and respectfully refer the

17  Court to the article for its actual language and text. Any attempt to characterize the article is

18  denied. Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information. Defendants deny the remaining allegations in

20  this paragraph of the Complaint.

21  26.    Defendants state that the referenced article speaks for itself and respectfully refer the

22  Court to the article for its actual language and text. Any attempt to characterize the article is

23  denied. Defendants state that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information. Defendants deny the remaining allegations in

25  this paragraph of the Complaint.

26  27.    Defendants state that the referenced FDA Update speaks for itself and respectfully refer

27  the Court to the FDA Update for its actual language and text. Any attempt to characterize the

28  FDA Update is denied. Defendants state that Celebrex® was and is safe and effective when

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

29.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

30.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants state that the Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

36.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

37.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

38.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

39.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.     Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

41.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

42.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

43.     Defendants admit that there was a clinical trial called APC.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

44.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Plaintiff fails to provide the proper context for the allegations concerning "Data Safety Monitoring Board" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

45.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

46.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

48.     Defendants admit that there was a clinical trial called PreSAP.  Plaintiff fails to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

49.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

50.     Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.   Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    this paragraph of the Complaint.

2    51.    Defendants state that the referenced Medical Officer Review speaks for itself and

3    respectfully refer the Court to the Medical Officer Review for its actual language and text. Any

4    attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining

5    allegations in this paragraph of the Complaint.

6    52.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

7    are not directed toward Defendants, and therefore no response is required. To the extent that a

8    response is deemed required, Plaintiff fails to provide the proper context for the allegations in

9    this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint.

10   Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

11   such allegations and, therefore, deny the same. Defendants state that the referenced study

12   speaks for itself and respectfully refer the Court to the study for its actual language and text.

13   Any attempt to characterize the study is denied. Defendants deny the remaining allegations in

14   this paragraph of the Complaint.

15   53.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

16   Complaint are not directed toward Defendants, and therefore no response is required. To the

17   extent that a response is deemed required, Plaintiff fails to provide the proper context for the

18   allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

19   of the Complaint. Defendants therefore lack sufficient information or knowledge to form a

20   belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the

21   referenced study speaks for itself and respectfully refer the Court to the study for its actual

22   language and text. Any attempt to characterize the study is denied. Defendants deny the

23   remaining allegations in this paragraph of the Complaint.

24   54.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

25   Complaint are not directed toward Defendants, and therefore no response is required. To the

26   extent that a response is deemed required, Plaintiff fails to provide the proper context for the

27   allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

28   of the Complaint. Defendants therefore lack sufficient information or knowledge to form a

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the

2  referenced study speaks for itself and respectfully refer the Court to the study for its actual

3  language and text. Any attempt to characterize the study is denied. Defendants state that the

4  referenced article speaks for itself and respectfully refer the Court to the article for its actual

5  language and text. Any attempt to characterize the article is denied. Defendants deny the

6  remaining allegations in this paragraph of the Complaint.

7  55.    Defendants state that Celebrex® was and is safe and effective when used in accordance

8  with its FDA-approved prescribing information. Defendants deny the allegations in this

9  paragraph of the Complaint.

10  56.    Defendants state that the referenced article speaks for itself and respectfully refer the

11  Court to the article for its actual language and text. Any attempt to characterize the article is

12  denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

13  57.    Defendants state that allegations in this paragraph of the Complaint are not directed

14  toward Defendants, and therefore no response is required. To the extent that a response is

15  deemed required, Defendants state that the referenced article speaks for itself and respectfully

16  refer the Court to the article for its actual language and text. Any attempt to characterize the

17  article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

18  58.    Defendants deny the allegations in this paragraph of the Complaint.

19  59.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information. Defendants state that the potential effects of

21  Celebrex® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

24  remaining allegations contained in this paragraph of the Complaint.

25  60.    Defendants deny any wrongful conduct and deny the allegations contained in this

26  paragraph of the Complaint.

27  61.    Defendants deny any wrongful conduct and deny the allegations contained in this

28  paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

62.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

63.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

64.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and November 14, 2000.  Defendants state that the referenced letters speak for themselves and respectfully refer the Court to the letters for their actual language and text.  Any attempt to characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

65.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

66.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

1    67.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

2    Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

3    the letter for its actual language and text.  Any attempt to characterize the letter is denied.

4    Defendants deny the remaining allegations in this paragraph of the Complaint.

5    68.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Celebrex® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

10   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

11   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

12   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

13   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

14   United States to be prescribed by healthcare providers who are by law authorized to prescribe

15   drugs in accordance with their approval by the FDA.  Defendants deny the remaining

16   allegations in this paragraph of the Complaint.

17   69.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Celebrex® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

22   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

23   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

24   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

25   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

26   United States to be prescribed by healthcare providers who are by law authorized to prescribe

27   drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a

28   prescription medication which is approved by the FDA for the following indications: (1) for

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

71.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

72.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

73.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants deny the allegations in this paragraph of the Complaint.

76.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

1  which was at all times adequate and comported with applicable standards of care and law.
2  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
3  the Complaint.

4  77.    Defendants state that Celebrex® was and is safe and effective when used in accordance
5  with its FDA-approved prescribing information.  Defendants state that the potential effects of
6  Celebrex® were and are adequately described in its FDA-approved prescribing information,
7  which was at all times adequate and comported with applicable standards of care and law.
8  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
9  the Complaint.

10  78.    Defendants are without knowledge or information sufficient to form a belief as to the
11  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used
12  Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that
13  Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this
14  paragraph of the Complaint.

15  79.    Defendants state that Celebrex® was and is safe and effective when used in accordance
16  with its FDA-approved prescribing information.  Defendants state that the potential effects of
17  Celebrex® were and are adequately described in its FDA-approved prescribing information,
18  which was at all times adequate and comported with applicable standards of care and law.
19  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the
20  remaining allegations in this paragraph of the Complaint.

21  80.    Defendants state that Celebrex® was and is safe and effective when used in accordance
22  with its FDA-approved prescribing information.  Defendants state that the potential effects of
23  Celebrex® are and were adequately described in its FDA-approved prescribing information,
24  which was at all times adequate and comported with applicable standards of care and law.
25  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
26  the Complaint.

27  81.    Defendants state that Celebrex® was and is safe and effective when used in accordance
28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

82.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

83.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

84.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

85.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

86.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

89.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3   the Complaint.

4   90.    Defendants are without knowledge or information sufficient to form a belief as to the

5   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

7   effective when used in accordance with its FDA-approved prescribing information.  Defendants

8   state that the potential effects of Celebrex® were and are adequately described in its FDA-

9   approved prescribing information, which was at all times adequate and comported with

10  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

11  Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

12  paragraph of the Complaint.

13  91.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

15  conditions and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants

16  deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny

17  the remaining allegations in this paragraph of the Complaint.

18  92.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

19  damage, and deny the remaining allegations in this paragraph of the Complaint.

20  93.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

21  damage, and deny the remaining allegations in this paragraph of the Complaint.

22                    **Response to Second Cause of Action: Strict Liability**

23  94.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

24  Complaint as if fully set forth herein.

25  95.    Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27  Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

28  time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

2  with their approval by the FDA.  Defendants admit that, during certain periods of time,

3  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

4  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

5  providers who are by law authorized to prescribe drugs in accordance with their approval by the

6  FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

7  consumers without substantial change from the time of sale.  Defendants deny the remaining

8  allegations in this paragraph of the Complaint.

9  96.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants state that the potential effects of

11  Celebrex® were and are adequately described in its FDA-approved prescribing information,

12  which was at all times adequate and comported with applicable standards of care and law.

13  Defendants deny the remaining allegations in this paragraph of the Complaint.

14  97.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

19  remaining allegations in this paragraph of the Complaint.

20  98.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

25  remaining allegations in this paragraph of the Complaint, including all subparts.

26  99.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

3    effective when used in accordance with its FDA-approved prescribing information.  Defendants

4    state that the potential effects of Celebrex® were and are adequately described in its FDA-

5    approved prescribing information, which was at all times adequate and comported with

6    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

7    Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

8    paragraph of the Complaint.

9    104.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10    with its FDA-approved prescribing information.  Defendants state that the potential effects of

11    Celebrex® were and are adequately described in its FDA-approved prescribing information,

12    which was at all times adequate and comported with applicable standards of care and law.

13    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

14    the Complaint.

15    105.    Defendants are without knowledge or information sufficient to form a belief as to the

16    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

17    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

18    effective when used in accordance with its FDA-approved prescribing information.  Defendants

19    state that the potential effects of Celebrex® were and are adequately described in its FDA-

20    approved prescribing information, which was at all times adequate and comported with

21    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

22    remaining allegations in this paragraph of the Complaint.

23    106.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

24    damage, and deny the remaining allegations in this paragraph of the Complaint.

25    107.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

26    damage, and deny the remaining allegations in this paragraph of the Complaint.

27    108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

28    damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Response to Third Cause of Action: Breach of Express Warranty**

2    109.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

3    Complaint as if fully set forth herein.

4    110.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

7    effective when used in accordance with its FDA-approved prescribing information.  Defendants

8    state that the potential effects of Celebrex® were and are adequately described in its FDA-

9    approved prescribing information, which was at all times adequate and comported with

10    applicable standards of care and law.  Defendants admit that they provided FDA-approved

11    prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

12    this paragraph of the Complaint.

13    111.    Defendants are without knowledge or information sufficient to form a belief as to the

14    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

16    effective when used in accordance with its FDA-approved prescribing information.  Defendants

17    state that the potential effects of Celebrex® were and are adequately described in its FDA-

18    approved prescribing information, which was at all times adequate and comported with

19    applicable standards of care and law.  Defendants admit that they provided FDA-approved

20    prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and

21    deny the remaining allegations in this paragraph of the Complaint, including all subparts.

22    112.    Defendants admit that they provided FDA-approved prescribing information regarding

23    Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

24    paragraph of the Complaint.

25    113.    Defendants state that Celebrex® was and is safe and effective when used in accordance

26    with its FDA-approved prescribing information.  Defendants state that the potential effects of

27    Celebrex® were and are adequately described in its FDA-approved prescribing information,

28    which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
2   the Complaint.

3   114.    Defendants state that Celebrex® was and is safe and effective when used in accordance
4   with its FDA-approved prescribing information.  Defendants state that the potential effects of
5   Celebrex® were and are adequately described in its FDA-approved prescribing information,
6   which was at all times adequate and comported with applicable standards of care and law.
7   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
8   the Complaint.

9   115.    Defendants are without knowledge or information sufficient to form a belief as to the
10  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used
11  Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of
12  Celebrex® were and are adequately described in its FDA-approved prescribing information,
13  which was at all times adequate and comported with applicable standards of care and law.
14  Defendants admit that they provided FDA-approved prescribing information regarding
15  Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16  116.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or
17  damage, and deny the remaining allegations in this paragraph of the Complaint.

18  117.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or
19  damage, and deny the remaining allegations in this paragraph of the Complaint.

20  118.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or
21  damage, and deny the remaining allegations in this paragraph of the Complaint.

22          **Response to Fourth Cause of Action: Breach of Implied Warranty**

23  119.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's
24  Complaint as if fully set forth herein.

25  120.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed
26  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who
27  are by law authorized to prescribe drugs in accordance with their approval by the FDA.
28  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

121.   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

122.   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

123.   Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

124.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid

arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

128.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

131.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

132.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

134.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2   the Complaint.

3   135.    Defendants are without knowledge or information sufficient to form a belief as to the

4   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

6   effective when used in accordance with its FDA-approved prescribing information.  Defendants

7   state that the potential effects of Celebrex® were and are adequately described in its FDA-

8   approved prescribing information, which was at all times adequate and comported with

9   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

10  Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

11  paragraph of the Complaint.

12  136.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Celebrex® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17  the Complaint.

18  137.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21  effective when used in accordance with its FDA-approved prescribing information.  Defendants

22  state that the potential effects of Celebrex® were and are adequately described in its FDA-

23  approved prescribing information, which was at all times adequate and comported with

24  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

25  remaining allegations in this paragraph of the Complaint.

26  138.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

139.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  remaining allegations in this paragraph of the Complaint.

2  142.    Defendants are without knowledge or information sufficient to form a belief as to the

3  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

5  effective when used in accordance with its FDA-approved prescribing information.  Defendants

6  state that the potential effects of Celebrex® were and are adequately described in its FDA-

7  approved prescribing information, which was at all times adequate and comported with

8  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

9  remaining allegations in this paragraph of the Complaint.

10  143.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

11  damage, and deny the remaining allegations in this paragraph of the Complaint.

12  144.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

13  damage, and deny the remaining allegations in this paragraph of the Complaint.

14  145.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

15  damage, and deny the remaining allegations in this paragraph of the Complaint.

16  **Response to Sixth Cause of Action: Unjust Enrichment**

17  146.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

18  Complaint as if fully set forth herein.

19  147.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

20  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

21  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

22  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

23  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

24  Celebrex® in the United States to be prescribed by healthcare providers who are by law

25  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

26  the remaining allegations in this paragraph of the Complaint.

27  148.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

2  paragraph of the Complaint.

3  149.    Defendants are without knowledge or information sufficient to form a belief as to the

4  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5  Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

6  paragraph of the Complaint.

7  150.    Defendants are without knowledge or information sufficient to form a belief as to the

8  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

10  effective when used in accordance with its FDA-approved prescribing information.  Defendants

11  state that the potential effects of Celebrex® were and are adequately described in its FDA-

12  approved prescribing information, which was at all times adequate and comported with

13  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

14  remaining allegations in this paragraph of the Complaint.

15  151.    Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

17  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

18  effective when used in accordance with its FDA-approved prescribing information.  Defendants

19  state that the potential effects of Celebrex® were and are adequately described in its FDA-

20  approved prescribing information, which was at all times adequate and comported with

21  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

22  remaining allegations in this paragraph of the Complaint.

23  152.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

24  damage, and deny the remaining allegations in this paragraph of the Complaint.

25  **Response to Seventh Cause of Action:**

26  **State Consumer Fraud and Deceptive Trade Practices Act**

27  153.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

28  Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

154.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

155.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

156.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

157.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

158.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

159.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

160.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

161.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

162.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

163.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

164.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Prayer For Relief**

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

**II.**

**GENERAL DENIAL**

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

**III.**

**AFFIRMATIVE DEFENSES**

Defendants reserve the right to rely upon any of the following or additional defenses to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.     The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.     Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.     At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.     At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.     Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.     Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.     Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiff should be diminished accordingly.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Eighth Defense**

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product.  Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

### Fifteenth Defense

15.     Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.     Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

### Seventeenth Defense

17.     Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

### Eighteenth Defense

18.     Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

### Nineteenth Defense

19.     Plaintiff knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.     Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.     Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.     The manufacture, distribution and sale of the pharmaceutical product referred to in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

2 and Plaintiff's causes of action are preempted.

3 **Twenty-third Defense**

4 23.     Plaintiff's claims are barred in whole or in part by the deference given to the primary

5 jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

6 issue under applicable federal laws, regulations, and rules.

7 **Twenty-fourth Defense**

8 24.     Plaintiff's claims are barred in whole or in part because there is no private right of

9 action concerning matters regulated by the Food and Drug Administration under applicable

10 federal laws, regulations, and rules.

11 **Twenty-fifth Defense**

12 25.     Plaintiff's claims are barred in whole or in part because Defendants provided adequate

13 "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

14 of Comment j to Section 402A of the Restatement (Second) of Torts.

15 **Twenty-sixth Defense**

16 26.     Plaintiff's claims are barred or limited to a product liability failure to warn claim

17 because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

18 Restatement (Second) of Torts § 402A, Comment k.

19 **Twenty-seventh Defense**

20 27.     Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

21 product at issue "provides net benefits for a class of patients" within the meaning of Comment f

22 to § 6 of the Restatement (Third) of Torts: Products Liability.

23 **Twenty-eighth Defense**

24 28.     Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

25 Products Liability.

26 **Twenty-ninth Defense**

27 29.     To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

28 facts sufficient under the law to justify an award of punitive damages.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Thirtieth Defense

30.     Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of Wyoming and California, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.     Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.     Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United

-42-

1 States Constitution.

2 ## Thirty-eighth Defense

3 38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

4 caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

5 law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

6 protections afforded by the United States Constitution, the excessive fines clause of the Eighth

7 Amendment of the United States Constitution, the Commerce Clause of the United States

8 Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

9 applicable provisions of the Constitutions of the States of Wyoming and California.  Any law,

10 statute, or other authority purporting to permit the recovery of punitive damages in this case is

11 unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks

12 constitutionally sufficient standards to guide and restrain the jury's discretion in determining

13 whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that

14 it failed to provide adequate advance notice as to what conduct will result in punitive damages;

15 (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied

16 with applicable law, or conduct that was not directed, or did not proximately cause harm, to

17 Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and

18 proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory

19 damages, if any; (5) permits jury consideration of net worth or other financial information

20 relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial

21 court in post-verdict review of any punitive damages awards; (7) lacks constitutionally

22 sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to

23 satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v.*

24 *Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S.

25 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut.*

26 *Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

27 ## Thirty-ninth Defense

28 39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1  and marketing of Celebrex®, if any, used in this case, included adequate warnings and

2  instructions with respect to the product's use in the package insert and other literature, and

3  conformed to the generally recognized, reasonably available, and reliable state of the

4  knowledge at the time the product was marketed.

5  **Fortieth Defense**

6  40.    The claims asserted in the Complaint are barred because Celebrex® was designed,

7  tested, manufactured and labeled in accordance with the state-of-the-art industry standards

8  existing at the time of the sale.

9  **Forty-first Defense**

10  41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information

11  and belief, such injuries and losses were caused by the actions of persons not having real or

12  apparent authority to take said actions on behalf of Defendants and over whom Defendants had

13  no control and for whom Defendants may not be held accountable.

14  **Forty-second Defense**

15  42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

16  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

17  intended, and was distributed with adequate and sufficient warnings.

18  **Forty-third Defense**

19  43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

20  waiver, and/or estoppel.

21  **Forty-fourth Defense**

22  44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

23  pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

24  illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

25  independent of or far removed from Defendants' conduct.

26  **Forty-fifth Defense**

27  45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

28  did not proximately cause injuries or damages to Plaintiff.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fiftieth Defense

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

### Fifty-second Defense

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

1

**Fifty-third Defense**

2

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

3

is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

4

("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's

5

claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

6

FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

7

and with the specific determinations by FDA specifying the language that should be used in the

8

labeling accompanying Celebrex®.    Accordingly, Plaintiff's claims are preempted by the

9

Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

10

United States.

11

**Fifty-fourth Defense**

12

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

13

required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

14

**Fifty-fifth Defense**

15

55.    Defendants state on information and belief that the Complaint and each purported cause

16

of action contained therein is barred by the statutes of limitations contained in California Code

17

of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

18

as may apply.

19

**Fifty-sixth Defense**

20

56.    Defendants state on information and belief that any injuries, losses, or damages suffered

21

by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

22

conduct of persons or entities other than Defendants.    Therefore, Plaintiff's recovery against

23

Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

24

**Fifty-seventh Defense**

25

57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

26

Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

27

Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

28

damages is also barred under California Civil Code § 3294(b).

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Fifty-eighth Defense**

58.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

**IV.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   November 8, 2007                              GORDON & REES LLP

2

3                                                 By: _____/s/_____

4                                                      Stuart M. Gordon
                                                       sgordon@gordonrees.com
5                                                      Embarcadero Center West
                                                       275 Battery Street, 20th Floor
6                                                      San Francisco, CA 94111
                                                       Telephone:  (415) 986-5900
7                                                      Fax:  (415) 986-8054

8
    November 8, 2007                              TUCKER ELLIS & WEST LLP
9

10

11                                                By: _____/s/_____

12                                                     Michael C. Zellers
                                                       michael.zellers@tuckerellis.com
13                                                     515 South Flower Street, Suite 4200
                                                       Los Angeles, CA 90071
14                                                     Telephone:  (213) 430-3400
                                                       Fax:  (213) 430-3409
15
                                                       Attorneys for Defendants
16                                                     PFIZER INC, PHARMACIA
                                                       CORPORATION, and G.D. SEARLE
17                                                     LLC

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:07-cv-05059-CRB

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1

## JURY DEMAND

2 Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3 trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4 Procedure.

5 November 8, 2007                                    GORDON & REES LLP

6

7                                                     By: _____/s/_____

8                                                         Stuart M. Gordon
                                                          sgordon@gordonrees.com
9                                                         Embarcadero Center West
                                                          275 Battery Street, 20th Floor
10                                                        San Francisco, CA 94111
                                                          Telephone: (415) 986-5900
11                                                        Fax: (415) 986-8054

12

13 November 8, 2007                                   TUCKER ELLIS & WEST LLP

14

15                                                    By: _____/s/_____
                                                          Michael C. Zellers
16                                                        michael.zellers@tuckerellis.com
                                                          515 South Flower Street, Suite 4200
17                                                        Los Angeles, CA 90071
                                                          Telephone: (213) 430-3400
18                                                        Fax: (213) 430-3409

19                                                        Attorneys for Defendants
                                                          PFIZER INC, PHARMACIA
20                                                        CORPORATION, and G.D. SEARLE
                                                          LLC

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111